IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-517-GPM |
| | ) |
| B. SPILLER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he filed a response (Doc. 8) indicating that due to his indigence, he is unable to pay an initial partial filing fee. The Court construes this pleading as a request for a temporary waiver of Plaintiff's initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). The Court finds that Plaintiff currently has no assets, and he currently has no means with which to pay that fee. Therefore, this request is **GRANTED**. Plaintiff's initial partial filing fee is temporarily waived until such time as he has means to pay it.

This case was originally filed jointly by seven inmates in the Menard Correctional Center. *See Vinning-El, et al. v. Spiller*, Case No. 02-CV-1232-GPM (S.D. Ill., filed Dec. 12, 2002). The Court dismissed two plaintiffs from that action and then severed that action into five individual cases. Plaintiff Hall's case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is frivolous and, thus, subject to summary dismissal.

Only one paragraph of the complaint presents claims specific to Plaintiff Charles Hall.[1] Those allegations are that throughout 2002 he was "continuously stripped out off and on," so that he was at times confined to a cell with no running water, or no mattress, or no clothing. He also states that he was "denied food on occasion" and that these deprivations "were perpetuated" by Defendants Dunn, Carter, Taylor, Gales, and Danger. Plaintiff also alleges that he received several false disciplinary reports "resulting in the loss of good time and segregation."

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized

---

[1] The complaint also contains very generic allegations that all seven original plaintiffs were subjected to excessive force, false disciplinary reports, deprivation of state pay, conspiracy, and retaliation at unspecified times; these actions were taken by unspecified defendants (Doc. 1, ¶¶ 8-12). The Court finds that these allegations are simply too vague to present any viable constitutional claim against any named defendant.

measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Based on these standards, the allegations presented by Hall in this action regarding the conditions of his confinement simply do not rise to the level of an Eighth Amendment violation. Therefore, his claims regarding placement in a stripped-out cell and occasional denial of food are **DISMISSED** from this action with prejudice.

As for his vague claims regarding false disciplinary tickets, when bringing an action under § 1983 for procedural due process violations, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Plaintiff alleges that he was placed in disciplinary segregation for an unspecified amount of time, in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997); *Wagner v. Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995). To the extent that Plaintiff may have lost good conduct credit as the result of any disciplinary proceeding, such a challenge must be brought through habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g.,*

*Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim. *See generally Wilkinson v. Dotson*, – U.S. —, 125 S. Ct. 1242, 1246-48 (2005). Therefore, Plaintiff's claims regarding disciplinary proceedings are **DISMISSED** from this action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A, and this action is, therefore, **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  06/17/05

                          s/ G. Patrick Murphy
                          G. PATRICK MURPHY
                          Chief United States District Judge